■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS PATTERSON, Appellant. [632 NYS2d 600] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 9, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the People's direct case, Ricardo Romero, a passenger in the vehicle in which a revolver was recovered, testified pursuant to an agreement with the prosecution. He testified that in exchange for his truthful testimony, the District Attorney's office agreed to dismiss the charge against him. On cross-

examination, the defendant's counsel elicited that the agreement also called for the dismissal of the charge against codefendant Tutankhamu Livingston, who was then on trial with the defendant. The defendant's counsel subsequently published this agreement to the jury. At the close of the People's case and outside the presence of the jury, the prosecution moved to dismiss the charges against Livingston. Livingston was released without objection. The jury returned, and without indicating that the charges had been dismissed against Livingston, the court ordered the jury not to speculate as to what happened to Livingston.

The defendant's contention that the dismissal of the charges against Livingston constituted bolstering of Romero's testimony is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, testimony regarding such an agreement with the prosecution does not constitute de facto bolstering of the testimony of the witness. The court properly instructed the jury not to speculate as to Livingston's absence from the remainder of the trial, and correctly explained to the jury the weight to be accorded to Romero's testimony.

The defendant's remaining contention is unpreserved for appellate review. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.